UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARY JO PIERCE,                    )
                                   )
          Plaintiff,               )
     vs.                           ) NO. 1:11-cv-01022-JMS-MJD
                                   )
BLITZ U.S.A. INC.,                 )
WESTERN INDUSTRIES, INC.,          )
                                   )
          Defendants.              )

**ORDER ON PENDING MOTIONS**

This matter comes before the Court on multiple pending motions. Because the motions are all interrelated and are not susceptible to resolution in isolation, they will all be considered together and addressed herein.

**A.   Plaintiff's Motion Regarding the Testimony of Ronald Raboin and Matthew Adams [Dkt. 94]**

In filing its motion for summary judgment, Defendant Western Industries, Inc. ("Western") relied in part upon the verified declarations of Ronald Raboin [Dkt. 91-7] and Matthew Adams [Dkt. 91-8]. Plaintiff contends that Western failed to disclose Raboin and Adams as relevant witnesses in its Rule 26(a) initial disclosures and subsequently failed to timely supplement those disclosures once Raboin and Adams had been identified as potential witnesses in this matter. Fed. R. Civ. P. 26(a)(1)(A)(I) & (e)(1)(A); Dkt. 94 at 2.

Rule 26(a)(1) provides in relevant part that "a party must,

without awaiting a discovery request, provide to the other
parties . . . (1) the name and, if known, the address and
telephone number of each individual likely to have discoverable
information--along with the subjects of that information--that
the disclosing party may use to support its claims or defenses
. . . ." Fed. R. Civ. P. 26(a)(1)(A)(I). Rule 26(e) provides in
relevant part that "[a] party who has made a disclosure under
Rule 26(a)(1) . . . must supplement or correct its disclosure or
response . . . (A) in a timely manner if the party learns that in
some material respect the disclosure or response is incomplete or
incorrect, and if the additional or corrective information has
not otherwise been made known to the other parties during the
discovery process or in writing . . . ." Fed. R. Civ. P.
(e)(1)(A).

    Western's suggestions that it complied with the requirements
of Rules 26(a) and (e) are unpersuasive. First, Western attempts
to rely upon two extremely broad categorical designations in its
preliminary witness list. Dkt. 52 ¶¶ 5, 10. Those paragraphs of
Western's witness list neither identified any "individuals" nor
identified the "subjects" of the discoverable information upon
which Western might rely. Consequently, Western's preliminary
witness list failed to adequately identify Raboin or Adams as
witnesses in this matter.

    Second, Western claims that it retained Raboin as a
consulting witness and was therefore shielded from having to

disclose his identity.  Western is correct that Rule 26(b)(4)(D) generally shields discovery of a consulting expert.  Fed. R. Civ. P. 26(b)(4)(D).  However, Western does not offer Raboin as an expert; rather, he is offered by Western as a fact witness.  *See* Dkt. 91-7 ¶ 4 ("Based on my employment and experience with Western Industries, **I have personal knowledge of the issues discussed herein**.") (emphasis added).  Rule 26(b)(4)(D) cannot be used to hide relevant fact witnesses from disclosure until it is too late in the process for an opposing party to respond thereto. Fed. R. Civ. P. 26 advisory committee's note ("It should be noted that the subdivision [Fed. R. Civ. P. 26(b)(4)] does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit.  Such an expert should be treated as an ordinary witness.").

Third, while it is unclear from the documents exactly when Western knew that it would be offering the testimony of Adams in support of its motion for summary judgment, it is clear that such knowledge was in Western's possession at least 30 days prior to its filing the motion for summary judgment.  [Dkt. 99 at 8.] Western provides no explanation as to why it did not then amend its Rule 26(a) disclosures and immediately produce a copy of the

nonparty affidavit to Plaintiff upon its receipt.[1]

Rule 26(a)(1) mandates the disclosure of the identity and contact information (if available) of every individual upon whom a party intends to rely to support a claim or defense, along with a description of the subjects upon which that individual may testify. Fed. R. Civ. P. 26(a)(1)(A)(I). Rule 26(e) mandates timely supplementation of that information, in a discovery response or otherwise in writing, when a party determines the prior disclosure to be incomplete or incorrect (such as when a new witness is identified for use in the proceeding). Fed. R. Civ. P. (e)(1)(A). Western did not comply with these requirements. Accordingly, Plaintiff's motion to strike the affidavits and preclude the testimony of Raboin and Adams [Dkt. 94] will be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff will be given time to conduct discovery of the affiants identified herein. Plaintiff's alternative motion requesting an enlargement of time to respond to Western's motion for summary judgment [Dkt. 94] is **DENIED AS MOOT**. The Court further orders all parties to provide complete and fully updated Rule 26(a)(1) disclosures on or before March 1, 2013.

---

[1] While not dispositive of the motion, the Court notes that, had Western made timely disclosure of Raboin and Adams, the parties and the court would have had an opportunity to address the instant issue prior to the filing of Western's motion for summary judgment.

**B.    Defendant's Motion to Strike Belated Expert Notice [Dkt. 98]**

Next, Western moves to strike the supplemental disclosure of additional opinions by Plaintiff's expert Glen Stevick.  [Dkt. 98.]  In support of this motion, Western argues that Plaintiff has been aware of the fact that it needed to establish the identity of the product at issue in this case since the outset of the case and yet failed to identify a product identification expert by the court ordered deadlines.  [Dkt. 99 at 2-5.] Plaintiff does not contest that product identification was an element of this case from the outset; rather, Plaintiff argues that Stevick's testimony is specifically offered to rebut the testimony of Raboin and Adams, which witnesses the Court has already found that Western failed to timely and properly disclose.  [Dkt. 100 at 2-6.]  Incongruously, Western seeks to strictly enforce disclosure requirements against Plaintiff while failing to strictly comply with disclosure requirements itself. Such will not stand.  Accordingly, Western's motion to strike the supplemental expert disclosure of Glen Stevick is **DENIED**.

**C.    Effect of Rulings on Case Management Deadlines**

In light of the rulings in this Order, revised deadlines for the completion of discovery and related issues need to be established.  Accordingly, the Magistrate Judge is directed to schedule a pretrial conference with the parties for the purpose of establishing revised case management deadlines as necessitated

by this Order.

**D.    Defendant's Motion for Summary Judgment and Related Briefing**

In support of its motion to strike the supplemental opinions of Plaintiff's expert Glen Stevick, Western argued that it would be prejudicial to allow "new" evidence to be added to the case while Western's motion for summary judgment is pending.  [Dkt. 99 at 5.]  Additionally, the multiple post-summary judgment briefing discovery issues that have arisen, which have necessitated the reopening of discovery discussed above, threaten to plague the pending summary judgment motion with multiple supplemental filings and the confusion and inconsistencies that can result therefrom.  In light of these concerns, and in the interests of judicial economy, the Court will deny the pending summary judgment motion without prejudice to its refiling consistent with the revised case management schedule to be issued by the Court.  Accordingly, Western's motion for summary judgment [Dkt. 89] is hereby **DENIED**, without prejudice to its resubmission consistent with the further order of the Court.  Additionally, Plaintiff's motion to supplement Plaintiff's response to Defendant's summary judgment motion [Dkt. 104] is **DENIED AS MOOT**.

**E.    Western's Motion to Exclude the Testimony of Glen Stevick and Bryan Durig**

Also pending before the Court is Western's motion to exclude the testimony of Plaintiff's designated experts Glen Stevick and

Bryan Durig.   [Dkt. 109.]   In light of the above rulings, it appears to the Court that this motion is premature; particularly in light of the fact that Mr. Stevick has revised his opinions in this matter, which could give rise to different or additional bases upon which Western may seek his exclusion.  Again, in order to avoid supplemental filings in light of the decisions herein, in the interests of judicial economy, the Court will deny Western's motion to exclude the testimony of Plaintiff's designated experts Glen Stevick and Bryan Durig without prejudice to its refiling consistent with the revised case management schedule to be issued by the Court.  Accordingly, Western's motion to exclude the testimony of Plaintiff's designated experts Glen Stevick and Bryan Durig [Dkt. 109] is hereby **DENIED**, without prejudice to its resubmission consistent with the further order of the Court.

**F. Conclusion**

The original case management plan in this case presented a workable schedule for the pre-trial preparation of the case, but its success depended on the parties' compliance with the deadlines contained therein.  The Court should not be placed in the position of sorting through piecemeal briefing because the parties have not complied with both the schedule they originally crafted, and the Federal Rules of Civil Procedure. It is time to regroup and reorganize for the orderly presentation of the case to the Court.

To that end, and in light of the findings herein, the Court rules as follows:

1.   Plaintiff's motion to strike the affidavits and preclude the testimony of Raboin and Adams [Dkt. 94] is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff will be given time to conduct discovery of the affiants identified herein.  Plaintiff's alternative motion requesting an enlargement of time to respond to Western's motion for summary judgment [Dkt. 94] is **DENIED AS MOOT**.  Once that discovery is completed, and if a renewed motion for summary judgment is filed, testimony of Raboin and Adams will be allowed.

2.   Western's motion to strike the supplemental expert disclosure of Glen Stevick [Dkt. 98] is **DENIED**.

3.   Western's motion for summary judgment [Dkt. 89] is **DENIED**, without prejudice to its resubmission consistent with the further order of the Court.

4.   Plaintiff's motion to supplement Plaintiff's response to Defendant's summary judgment motion [Dkt. 104] is **DENIED AS MOOT**.

5.   Western's motion to exclude the testimony of Plaintiff's designated experts Glen Stevick and Bryan Durig [Dkt. 109] is **DENIED**, without prejudice to its resubmission consistent with the further order of the Court.

02/08/2013

So Ordered.

_Jane Magnus-Stinson_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Dated:


Distribution:

All Electronically Registered Counsel